# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-690

**DERRICK EDWARD HALEY, ET UX**

**VERSUS**

**JAMES GARY GOBERT**

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-858
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

************

## SYLVIA R. COOKS
## JUDGE
************

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

**AFFIRMED.**

**Conery, J., concurs in the result.**

**Derrick Haley**
**In Proper Person**
**1914 Rose Street**
**Lake Charles, LA 70601**
**(337) 661-4938**

**Marshall Simien, Jr.**
**One Lakeshore Drive, Suite 1110**
**Lake Charles, LA 70629**
**(337) 497-0022**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **James Gary Gobert**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

James Gary Gobert is the owner of a house located at 2615 Blackwell Street, Lake Charles, Louisiana. In 2001, Mr. Gobert listed the property for sale with Mrs. Lutricia Cobb of Lutricia Cobb Real Estate. In October 2001, Mr. Gobert signed a "Property Management Agreement," authorizing Mrs. Cobb to act as Mr. Gobert's agent for the lease and management of the property.

Linda Haley contacted Mr. Gobert personally, without Mrs. Cobb's knowledge, offering to purchase the property. Mrs. Haley told Mr. Gobert she and her husband had been evicted from their prior place of residence and asked Mr. Gobert to allow them to rent the property while they applied for a mortgage.

Mr. Gobert proposed that the Haleys enter into a six-month lease with an option to purchase, beginning October 1, 2012. The lease provided for a rental fee of $800.00 per month, with the option to purchase the property for $131,000.00 payable in cash at the end of the six-month period. The Haleys never signed this lease proposed by Mr. Gobert. Instead, on October 3, 2012, the Haleys obtained from Mrs. Cobb a separate lease purchase agreement form to buy the property for $125,000.00, payable in $800.00 monthly installments with no interest. This lease purchase agreement was only signed by the Haleys, not by Mr. Gobert or Mrs. Cobb. In March 2014, the Haleys recorded this lease purchase agreement in the Calcasieu Parish conveyance records.

Upon learning that the Haleys recorded their proposed unsigned lease purchase agreement, Mr. Gobert, through his counsel, sent written correspondence on March 12, 2014 to the Haleys terminating their "lease" on the property. That correspondence, styled "Termination of Lease of 2615 Blackwell Street" stated there was no valid lease purchase agreement between the parties. Mr. Gobert noted he had not signed the lease purchase agreement proposed by the Haleys,

which is a requirement for the sale of immovable property. Mr. Gobert also stated more than a year had passed without the Haleys obtaining financing to purchase the property, and Mr. Gobert decided to terminate the verbal month-to-month lease and sell the property on the open market. Mr. Gobert also stated eviction proceedings would be instituted should the Haleys refuse to vacate the property.

Despite receiving the March 12, 2014 written correspondence, the Haleys refused to vacate and continued to insist they were the "owners" of the property. At this point, Mr. Gobert was still willing to enter into a lease agreement beginning April 1, 2014, but the Haleys refused. The Haleys continued to occupy the property during the ongoing legal conflict between the parties.

On January 13, 2015, a notice to vacate the property was posted on the front door by the Lake Charles City Marshal's Office. On February 11, 2015, Mr. Gobert filed a Petition for Eviction, which was fixed for hearing on March 2, 2015.

The Petition for Eviction and Notice of Eviction Rule were personally served on Derrick Haley, with domiciliary service on Linda Haley through Derrick on February 13, 2015. On February 23, 2015, the Haleys, acting pro se, filed a "Response," later referred to by the Haleys' appeal counsel as their answer to the Petition for Eviction. The Haleys' response/answer filed in the Lake Charles City Court was not verified under oath.

On February 25, 2015, the Haleys filed three pro se motions, which were also fixed for hearing on March 2, 2015. These included a Motion for Change of Venue, requesting the matter be transferred to the Fourteenth Judicial District Court, a Motion For Continuance, and a Motion For Postponement. On March 2, 2015, prior to the court ruling on their motions, the Haleys filed a pro se petition in the Fourteenth Judicial District Court, entitled "Reconventional Demand for Reimbursement and Damages." This Reconventional Demand alleged Mr. Gobert breached a contract of sale, resulting in damages to the Haleys amounting to

$53,200.00. A copy of the Reconventional Demand appears in the Lake Charles City Court's records but was not formally filed as a pleading or submitted as an exhibit during the eviction proceedings.

The trial court initially addressed the Haleys' motion for change of venue, which claimed the damages sought in their Reconventional Demand filed in the Fourteenth Judicial District Court exceeded the city court's jurisdictional limit of $25,000.00. Though the Haleys' Reconventional Demand was not filed in city court, the Haleys' response/answer to the rule for eviction filed in city court claimed ownership of the property by virtue of a lease purchase agreement with Mr. Gobert.

Prior to the beginning of the trial, the trial court informed the Haleys that the requirements for the sale of immovable property under La.Civ.Code art. 2440 required a written document signed by both parties, and implied this lack of a signed written agreement to sell could be fatal to their "ownership" claim. Nevertheless, the trial court allowed Mr. Haley to call Mrs. Cobb as a witness. Mr. Haley unsuccessfully attempted to elicit from Mrs. Cobb testimony supporting a valid lease purchase agreement with Mr. Gobert. The trial court gave Mr. Haley significant latitude as a result of him representing he and his wife, but based on the lack of a properly signed lease purchase agreement for the property, the trial court denied the Haleys motions seeking to block the eviction proceedings.

The trial court then proceeded with the rule for eviction, and Mr. Gobert was called to testify. He testified since the posting of the ten-day notice of eviction, the Haleys had continued to occupy the property. The trial court granted Mr. Gobert's request for a "24-hour Notice of Eviction based on the owner wants possession of a month-to-month lease." The trial court also awarded Mr. Gobert damages for past due rent in the amount of $1,600.00 and attorney fees in the amount of $500.00.

4

The Haleys appealed the lower court ruling. This court in *Gobert v. Haley*, 15-319 (La.App. 3 Cir. 11/4/15) (an unpublished opinion), dismissed the Haleys' request for a suspensive appeal, but maintained it as a devolutive appeal. The March 3, 2015 judgment granting Mr. Gobert's petition of eviction against the Haleys was affirmed. The damage award of $1,600.00 in past due rent and the award of attorney fees in the amount of $500.00 was also affirmed.[1]

The Haleys sought rehearing with this court, which was denied on March 2, 2016. The Haleys then subsequently applied for a writ of certiorari with the Louisiana Supreme Court, which was denied on May 20, 2016. *Gobert v. Haley*, 16-627 (La. 5/20/16).

At issue in the present appeal, is a Motion for Preliminary Default on their Reconventional Demand for reimbursement and damages filed by the Haleys which was granted by the district court on November 15, 2016. The Haleys then requested a Confirmation of the Preliminary Default in district court. In response, Mr. Gobert argued the Haleys' action was barred by *res judicata* because it arose out of the occurrence which was the subject of the prior litigation brought in Lake Charles City Court, and the final judgment in that city court action precludes the subsequent action seeking to litigate the same matters in district court.

A hearing on the matter was heard, wherein Mr. Haley continued representing he and his wife's interests *pro se*. The trial court determined that it "erroneously signed and entered a Preliminary Default without having the benefit of the entire information regarding the pending Lake Charles City Court matter." Accordingly, the trial court rescinded the Preliminary Default and dismissed the Haleys' claims in district court with prejudice. We note the trial court did not

---

[1] There was a dissent in the appeal. The dissenting judge found the city court did not have subject matter jurisdiction to hear the case and when the Haleys raised the issue of title to the property, the city court was required under La.Code Civ.P. art. 4847(A)(1) to transfer the matter to district court. The dissent concluded the lack of jurisdiction was not cured by the city court's finding that the Haleys and Gobert had only an oral, month-to-month lease agreement.

address the motion for res judicata filed by Mr. Gobert in its oral reasons or in the judgment.[2]  It held that the preliminary default was "erroneously signed," thus it could not be confirmed.  This appeal followed.

## ANALYSIS

On appeal, Mr. Haley, continuing to represent himself and his wife, argues the trial court erred in not confirming the preliminary default entered by the trial court on November 15, 2016 and in dismissing the Haleys' claims in district court with prejudice.  Finding the trial court did not err in finding the preliminary default was erroneously signed, we affirm.

At the hearing on the confirmation of the preliminary default the trial court noted that the Reconventional Demand, which was the original filing of the Haleys, was a demand related to an existing and pending matter in Lake Charles City Court, i.e., the Petition for Eviction filed by Mr. Gobert against the Haleys. The trial court then explained to Mr. Haley that a reconventional demand needs to be filed where the original demand was made, which in this case was Lake Charles City Court, not the district court.

The trial court also noted that the original filing in the district court was made on March 2, 2015 at 9:01 a.m., which was the very same day as a pending hearing on the eviction matter in Lake Charles City Court held at 11:00 a.m.  Thus, the reconventional demand in district court was filed before the hearing was held in Lake Charles City Court.  It was noted at the hearing that the city court judge told Mr. Haley his reconventional demand needed to be filed in city court, which Mr. Haley refused to do.  Mr. Haley requested a change of venue to district court, which was denied.  The question of Mr. Haley's refusal to file his reconventional demand in the proper court was addressed in the prior appeal before this court, and

---

[2] In the record, the trial court made a handwritten notation on the exception of res judicata stating "Order retracted; dismissed open court.  See attached Order/Judgment."  That notation was signed by the trial judge.

6

it was concluded that "Haleys' Reconventional Demand, which is the basis of their motion for removal, was not filed in the Lake Charles City Court. As it was not properly filed into the record in city court, the Reconventional Demand could not form the basis for removal to the Fourteenth Judicial District Court or bar the city court's consideration of the summary proceeding for eviction."

After a review of the record, we affirm the trial court's decision reversing entry of a preliminary default, albeit for a different reason. The trial court was free to recall entry of a preliminary default and deny confirmation of the default if proof of the demand was not presented "sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment." *See* La.Code Civ.P. art. 1702(A). The Haleys' claim of ownership of immovable property, whether in the form of a reconventional demand as opposed to an original petition was properly raised in the district court. The law is clear that if title to immovable property is in dispute, the city court lacks jurisdiction over the case. La.Code Civ.P. art. 4847.

Thus, the question presented here, when properly put forth, is whether the dismissal of the reconventional demand with prejudice was appropriate under the circumstances of this case. The Haleys' claim of ownership rests entirely on an unsigned lease purchase agreement executed by them alone. Neither Mr. Gobert, the owner, nor Mrs. Cobb, the agent for the lease and management of the property, signed the document. On its face this document does not establish any right of ownership in the Haleys' favor. It was acknowledged by the Haleys that neither the owner nor the agent signed the document filed in the public records. They simply failed to set forth sufficient facts in the pleadings, or orally at the confirmation hearing, to establish a right and/or cause of action which can be advanced against the owner or agent. Further, it would be a vain and useless endeavor to remand this matter to allow the Haleys an opportunity to state a valid

cause of action, since none under these circumstances exists in the law or stems from the facts known. For these reasons, the judgment appealed from is affirmed and all costs of this appeal are assessed to appellants, Derrick and Linda Haley.

**AFFIRMED.**